# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| In re: | ) | Case No. 1:11-bk-11405 |
| | ) | |
| Joseph L. Stegemoller | ) | Chapter 7 |
| Natalie A. Stegemoller | ) | |
| | ) | |
| Debtors. | ) | **Hon. Burton Perlman** |
| | ) | U.S. Bankruptcy Judge |

## MOTION OF THE UNITED STATES TRUSTEE
## TO DISMISS CASE PURSUANT TO 11 U.S.C. § 707(b)(3)
## <u>WITH MEMORANDUM IN SUPPORT</u>

Now comes Daniel M. McDermott, the United States Trustee for Region 9, and moves to dismiss this case pursuant to 11 U.S.C. § 707(b)(3) of the Bankruptcy Code. The basis of the motion is as follows: (1) the totality of the circumstances; and (2) the ability to repay creditors. In support of this motion, the United States Trustee submits his Memorandum in Support, which is attached hereto and incorporated herein.

Dated: <u>June 7, 2011</u>              Respectfully Submitted:

                                                              Daniel M. McDermott
                                                              United States Trustee
                                                              Region 9

                            by:     <u>/s/ Douglas N. Hawkins</u>
                                                              Douglas N. Hawkins (#0038585)
                                                             Attorney for the U.S. Trustee
                                                              United States Department of Justice
                                                             Office of the United States Trustee
                                                             36 East Seventh Street, Suite 2030
                                                             Cincinnati, OH 45202
                                                            Telephone: (513) 684-6988 ext. 225
                                                             Facsimile: (513) 684-6994
                                                             E-mail: doug.hawkins@usdoj.gov

## **MEMORANDUM IN SUPPORT**

### I. INTRODUCTION

1. The Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

### II. FACTUAL SUMMARY

2. Debtors, Joseph and Natalie Stegemoller, filed their voluntary Chapter 7 petition for relief on March 11, 2011. Mr. Stegemoller is employed as an Papermaker for Appleton Paper Company and has been employed there for approximately 32 years. Mr. Stegemoller's total annual income is $66,864. Mrs. Stegemoller is not employed. The Debtors' list one dependent on Schedule I.

3. The schedules filed in this case list secured debt of $142,105 and unsecured debt of $33,186. The cover sheet of Debtors' petition identifies the nature of their debts as "Consumer/Non-Business" and the schedules do not identify any unsecured non-priority debts relating to a business.

4. Debtors' Form 22A ("Means Test Form") reflects that the Debtors' monthly disposable income multiplied by 60 is less than $7,025. Accordingly, the Debtors checked "The presumption does not arise" box on their Means Test Form. The UST agrees that the presumption does not arise.

5. According to Schedule I, current gross monthly income is $5,772 with payroll deductions of approximately $1,589. Schedule J, line 20 indicates that monthly net income is $1,310.

6. The Debtors list a § 401(k) contribution and Stock Option Purchase in the amount of $346 per month plus an additional $208 per month for repayment of a § 401(k) loan, a total amount of $554 per month. These are funds that could be used to repay creditors.

7. The Debtors received a tax refund for 2010 of $3,541. The UST calculates that the Debtors are over withholding taxes by an amount of approximately $212 per month after subtracting $1,000 for the child tax credit.

### III. LEGAL AUTHORITY

8. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") provides for the dismissal of a Chapter 7 proceeding where there is a presumption of abuse (§707(b)(2)) or, if no presumption arises, where the totality of the circumstances of the debtor's financial condition demonstrates abuse (§707(b)(3)).

9. § 707(b)(3) provides, in pertinent part, that "in considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption . . . does not arise or is rebutted, the court shall consider -

    (A)    whether the debtor filed the petition in bad faith; or

    (B)    the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse."

10. Prior to the BAPCPA, a debtor's conduct had to rise to the level of "substantial abuse" for dismissal to be proper. See, e.g. *In re Krohn*, 886 F.2d 123, 126 (6th Cir. 1989), and *In re Behlke*, 358 F.3d 429 (6th Cir. 2004). The BAPCPA lowers the standard and permits a court to dismiss a case when the totality of the circumstances demonstrates "abuse". 11 U.S.C. § 707(b)(3). Abuse can be premised upon either a lack of honesty or want of need. *Id.* Many factors are relevant to ascertain a debtor's honesty, including whether a debtor engaged in eve of bankruptcy purchases or was forced into a Chapter 7 bankruptcy by unforeseen or catastrophic events. Id. See, *In re Blum*, 255 B.R. 9 (Bankr. S.D. Ohio 2000) (J. Hopkins).

### IV. CAUSE EXISTS TO DISMISS THIS CASE UNDER 11 U.S.C. § 707(b)(3)

11. After a review of the totality of the circumstances, dismissal of this case is warranted under § 707(b)(3)(B) because the Debtors have the ability to repay their creditors as follows:

A. <u>Substantial net income</u>

The Debtors list $1,310 per month in net income. Their unsecured debt is $33,186. Without making any other modifications, Debtors could pay their unsecured debt in full in 26 months.

B. <u>§ 401(k) deductions/repayments</u>

The Debtors are deducting a total of $554 for monthly § 401(k) contributions, loan repayment and stock purchase. Case law in this Circuit is consistent in finding that Debtors cannot deduct their § 401(k) contributions and loan repayments from monthly income to the detriment of their creditors. *See, e.g., In re Croskey*, 2007 WL 1302571 (Bkrtcy. N.D. Ohio) ("legally the Debtors' 401(k) loan repayments are not permissible deductions when determining an 'ability to pay' under §707(b)'s needs-based analysis...it would be unfair to the creditors to allow the Debtors ... to commit part of their earnings to the payment of their own retirement fund while at the same time paying their creditors less than a 100% dividend.") *citing In re Glenn*, 345 B.R. 831, 835, (Bankr. N.D. Ohio 2006) *citing Harshbarger v. Pees,* 66 F.3d 775 (6th Cir.1995); and *Behlke v. Eisen (In re Behlke)*, 358 F.3d 429, 434-435 (6th Cir. 2004); See also *In re Pandl* 407 B.R. 299; (Bankr. S.D. Ohio 2009)(J. Aug).

C. <u>Tax refund/withholding adjustments</u>

The Debtors also have the ability to adjust their federal income tax withholding to a more reasonable level, thereby providing approximately $212 in extra monthly income. Consistent overpayment of a tax liability constitutes income for purposes of § 707(b)(3). See *In re Brenneman*, 397 B.R.866 (Bank. N.D. Ohio 2008); *In re Gonzalez*, 378

B.R.168, 175-176, (Bank. N.D. Ohio 2007) ("Tax refunds, although not available on a monthly basis, are a source of income for a debtor".); *In re Schubert*, 384 B.R. 777 (Bank. S.D. Ohio 2008) (J. Aug).  Citing *Gonzalez*, Judge Aug noted that there is no question that tax refunds should be included in income calculations in a § 707(b)(3) analysis.  See *In re Pandl*.

12.  As noted on the attached UST Exhibit # 1, if the net income of $1,310, § 401(k) contribution, and the tax refund are included in the monthly income calculation, the Debtors would have enough money per month to pay 100% of their $33,186 unsecured debt, with no other changes to their budget or lifestyle.  *See* attached UST Exhibit #1.

13. The Debtors' ability to repay their debts is paramount in analyzing the totality of the circumstances.  The Debtors' can pay a significant portion of their debts without being deprived of adequate food, clothing or shelter.  Indeed, the Debtors' budget reveals a lack of 'good old-fashioned belt-tightening' as contemplated by the *Krohn* Court.

14.  As such, the Debtors should have significant disposable income without depriving them of reasonable living expenses.  If the *Behlke* 14% were applied to this case, the Debtors would only need $77 each month to repay creditors ($33,186 times .14 divided by 60).  The Debtors note that they have $1,310 per month left over after expenses which could repay creditors.

15.  Therefore, under the totality of the circumstances, the Debtors are not needy, possess the ability to repay their debts, and a discharge of their debts would be an abuse of the provisions of Chapter 7 of Title 11.

WHEREFORE, the United States Trustee respectfully requests this Court enter an order dismissing this case and granting such further relief as may be appropriate.[1]

| | |
|---|---|
| Dated: June 7, 2011 | Respectfully Submitted:<br><br>Daniel M. McDermott<br>United States Trustee<br>Region 9 |
| by: | /s/ Douglas N. Hawkins<br>Douglas N. Hawkins (#0038585)<br>Attorney for the U.S. Trustee<br>United States Department of Justice<br>Office of the United States Trustee<br>36 East Seventh Street, Suite 2030<br>Cincinnati, OH 45202<br>Telephone: (513) 684-6988 ext. 225<br>Facsimile: (513) 684-6994<br>E-mail: doug.hawkins@usdoj.gov |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2011, the foregoing MOTION OF THE UNITED STATES TRUSTEE TO DISMISS was served on the following registered ECF participants, electronically through the Court's ECF System at the e-mail address registered with the Court:

| | |
|---|---|
| Kathryn Hapner, Esq.<br>Attorney for Debtors | Eric Goering, Esq.<br>Chapter 7 Trustee |

And by ordinary U.S. Mail to:

Joseph & Natalie Stegemoller
6655 Fascination Way
Hillsboro, Ohio 45133

/s/ Douglas N. Hawkins
Douglas N. Hawkins

---

[3] The UST has no objection to this case converting to Chapter 13 in lieu of dismissal.